```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     NORTHERN DIVISION
```

**PATRICIA L. JAMES**                                            **PLAINTIFF**


VS.                                 CIVIL ACTION NO. 3:14-cv-799-WHB-JCG


**COMMISSIONER OF SOCIAL SECURITY**                              **DEFENDANT**


## OPINION AND ORDER

This cause is before the Court on the Report and Recommendation ("R and R") of United States Magistrate Judge John C. Gargiulo. In his R and R, Judge Gargiulo recommends that the Commissioner's decision that Plaintiff's onset of disability was January 1, 2014, be affirmed. After considering the R and R[1], the other pleadings in this case, as well as relevant authorities, the Court finds the R & R should be adopted in its entirety.


## I. Discussion

In September of 2011, Patricia L. James ("James") filed an application for Disability Insurance Benefits ("DIB"), claiming a disability onset date of September 12, 2011. After James's application was denied, she requested a hearing, which was held on January 17, 2014. Following the hearing, the Administrative Law Judge ("ALJ") found that although James had severe impairments

---

[1] The parties were required to file objections to the R and R on or before August 19, 2016. No objections were filed.

including obesity, diabetes mellitus, and depression as of September 12, 2011, she had the residual functional capacity to perform work until January 1, 2014.[2] Thus, the ALJ concluded that the date of onset for the purpose of awarding DIB benefits was January 1, 2014. The Appeals Counsel denied James's request for review on July 18, 2014, thereby rendering the ALJ's decision the final decision in the matter.

James next filed a Complaint in this Court seeking judicial review of the final decision of the Social Security Commissioner ("Commissioner"). In her brief, James assigned the following errors: (1) the ALJ erred in finding that her vision problem was not a severe impairment; (2) the ALJ erred in formulating her residual functional capacity; (3) the ALJ erred when evaluating the mental status reports of Dr. William Cook; (4) the ALJ created a residual functional capacity determination that was not supported by medical opinions; (5) the ALJ erred by not according proper weight to the opinions of her treating nurse practitioners; and (6) the ALJ erred in finding she was capable of performing certain light jobs. After James's brief was filed, the Commissioner filed a Motion seeking an Order affirming her decision.

The matter came before United States Magistrate Judge John C. Gargiulo who, after considering the pleadings including James's

---

[2] The finding of disability resulted because James's age category changed in January of 2014, and there were no longer jobs that existed in significant numbers in the national economy that she could perform.

assignments of error, the administrative record, and relevant authorities, first found that the ALJ had applied the correct standard when considering James's alleged visual impairments, and that there was sufficient evidence to support the decision made by the ALJ with respect to that alleged impairment. See R and R, 4-7. Judge Gargiulo also found there was substantial evidence to support the ALJ's determination of James's residual functional capacity as well as the ALJ's finding with respect to the types of jobs James could perform. Id. at 7-9, 14-15. Finally, Judge Gargiulo found that the ALJ had acted within her permitted discretion when weighing the opinions of Dr. Cook and James's other medical doctors, and that the ALJ properly considered the opinions of James's nurse practitioners. Id. at 9-14. Based on these findings, Judge Gargiulo recommended that the Commissioner's Motion to Affirm her Decision be granted. Id. at 16.

A district judge has authority to review a magistrate judge's report and recommendation on disposive motions, and is required to make a *de novo* determination of any portion of a report and recommendation to which a specific written objection is made. See 28 U.S.C. § 636(b); FED. R. CIV. P. 72(b). Thereafter, the district judge may accept, reject, or modify the recommendation of the magistrate; receive further evidence in the case; or recommit the matter to the magistrate with further instructions. Id. No objections to Judge Gargiulo's R and R have been raised.

3

Having reviewed the R and R, to which no objections were raised, the Court agrees that the Motion to Affirm Commissioner's Decision should be granted for the reasons stated by Judge Gargiulo. Accordingly, the Court will adopt Judge Gargiulo's R and R recommending the granting of Motion to Affirm Commissioner's Decision. As the granting of the Motion to Affirm Commissioner's Decision will end judicial review in this Court, a final judgment dismissing this case will be entered.

## II.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the August 2, 2016, Report and Recommendation of United States Magistrate Judge John C. Gargiulo [Docket No. 22], is hereby adopted as the ruling of this Court.

IT IS FURTHER ORDERED that Defendant's Motion to Affirm Commissioner's Decision [Docket No. 20] is hereby granted. A Final Judgment dismissing this case shall be entered this day.

SO ORDERED this the 25th day of August, 2016.

s/ William H. Barbour, Jr.  
UNITED STATES DISTRICT JUDGE